# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| BOB DAVID SCOTT, | : | |
| | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| JACKSON COUNTY JAIL; | : | 2:10-CV-0167-RWS |
| CAPTAIN DAVID SAVAGE; | : | |
| CORPORAL BOB THOMPSON; | : | |
| DOCTOR CHETTA MARC; | : | |
| MAJORY DAVID COCHRAN; | : | |
| SHERIFF STAN E. EVANS; and | : | |
| NURSE DEBORAH, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff, presently confined in the Jackson County Detention Center in Jefferson, Georgia, has filed this *pro se* civil rights action [1]. On October 4, 2010, the Court granted plaintiff leave to proceed *in forma pauperis* [5]. The matter is now before the court for a 28 U.S.C. § 1915A frivolity screening.

### I.   The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous, malicious, or fails

to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that *Twombly* "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that

are couched as factual allegations); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff brings this action against the Jackson County Jail, Captain David Savage, Corporal Bob Thompson, Doctor Chetta Marc, Major David Cochran, Sheriff Stan E. Evans, and Nurse Deborah. Plaintiff contends that Jackson County Jail officials and medical staff, namely Captain Savage, Corporal Thompson, Dr. Marc, and Major Cochran, have denied him adequate medical care by refusing to remove a bullet from his left eye. (Pl.'s Compl. ¶ IV, Attach.). Plaintiff seeks monetary and injunctive relief. (Pl.'s Compl. ¶ V).

As an initial matter, pursuant to 42 U.S.C. § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). The Jackson County Jail is not a legal entity subject to suit under § 1983. *Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (unpublished). Plaintiff's claims against Sheriff Evans appear to be premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). To the extent that plaintiff intended to

state a claim against Captain Savage and Corporal Thompson based on their denial of his grievances, such allegations "are insufficient to state a claim for relief under § 1983." *Lee v. Georgia Dep't of Corr.*, No. 1:08-CV-0134-WBH, 2008 WL 655998, at *3 (N.D. Ga. Mar. 7, 2008). *See also Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (stating that "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance").

Plaintiff may have possible deliberate indifference claims against the remaining defendants. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (holding that prison officials may manifest deliberate indifference by "intentionally denying or delaying access to medical care"); *Newsome v. Chatham County Det. Ctr.*, 256 F. App'x 342, 346 (11th Cir. 2007) ("Where a prison official or medical care provider has knowledge of the prisoner's serious medical condition and arbitrarily refuses to provide any medical care, that constitutes deliberate indifference") (unpublished). Plaintiff, however, alleges nothing against Nurse Deborah and has not clearly identified what actions defendants allegedly took to deny him adequate medical care. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong"). In deference to plaintiff's pro se status, he will be allowed to amend this action to clearly

4

specify what actions of defendants he asserts violated his constitutional rights to adequate medical care.

### III.   Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the Jackson County Jail and Sheriff Stan E. Evans are **DISMISSED** as Defendants in this action.

**IT IS FURTHER ORDERED** that plaintiff must, within **TWENTY (20) DAYS** of the entry date of this Order, submit an amendment to his complaint. Plaintiff is advised that the amended complaint shall supersede his previous pleadings filed in this action.

Accordingly, plaintiff is **DIRECTED** to: (1) draft his amended complaint on the complaint form provided by the Clerk of this Court; (2) clearly caption the amended complaint as an amendment to his original complaint; (3) clearly identify each defendant, stating what action each took to deny him adequate medical care; and (4) omit all legal argument or conclusion.

Plaintiff is admonished that failure to file an amended complaint within the specified period of time may result in dismissal of this action pursuant to Local Rule 41.3, N.D. Ga.

The Clerk of Court is **DIRECTED** to forward the appropriate complaint form to plaintiff, together with a copy of this Order, and to resubmit this action to the undersigned at the expiration of the time period noted above.

**IT IS SO ORDERED**, this  5th  day of November, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE